IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARCUS FIELDS**                                                                                                     **PLAINTIFF**

**v.**                                              **Civil No.  2:11-cv-2108**

**TIMOTHY SHARUM,** *et al.*                                                          **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Diagnostic Unit of the Arkansas Department of Correction in Pine Bluff, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." ECF No. 2. Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). ECF No. 1. This matter was transferred into this district on June 7, 2011. ECF No. 6.

The matter is presently before the Court on Plaintiff's Motion to Proceed IFP. ECF No. 1. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's IFP application be denied and his Complaint be dismissed.

**I.  BACKGROUND**

The following facts were presented to the Court in Plaintiff's Complaint. ECF No. 2. Plaintiff states he has been charged with rape, although the forensic report says sexual assault. *Id.* Furthermore, Plaintiff has witnesses to the fact that "they [presumably the alleged victim in his state court criminal charges] did not even know me at the time they say they did" but "they will not investigate." *Id.*

Plaintiff alleges his public defender is ineffective in violation of Plaintiff's constitutional rights. *Id.* Plaintiff specifies that his attorney told Plaintiff that Plaintiff has "been molesting kids [his] whole life" in front of a Court bailiff. *Id.* Plaintiff has informed his attorney's "boss and the judge and they have done nothing." ECF No. 2. Moreover, Fort Smith Police Department Detective Kris Deacon is alleged to have "swore [sic] to the Judge that I did this alleged crime just to get a warrant without any physical evidence." *Id.* Plaintiff also states the Judge lied at trial; and the Judges on his cases, the prosecuting attorney's office,

detective Deacon, and the Times Record newspaper lied about Plaintiff in the paper. *Id.* Also, Plaintiff has alleged there is no evidence on his charges of rape, once count allegedly occurring over eleven years ago. *Id.*

For relief, Plaintiff is seeking "the money that I have spent on this and these bogus charges dropped so I can get on with my life." *Id.* Plaintiff has sued the Defendants in their official capacities only. *Id.*, ¶ II.

**II.    APPLICABLE LAW**

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. The Court must dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

In reviewing an IFP, there is a two-step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b) (On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). *See also* 28 U.S.C. § 1915(c)(2)(B)(i-iii).

**III.     DISCUSSION**

Regarding the first step in review of Plaintiff's IFP application, in his affidavit, Plaintiff states he is currently incarcerated, with no money or assets. The records from the Arkansas Department of Correction show his monthly balance averaged zero ($0.00) dollars. Plaintiff's current account balance, according to his institution of incarceration, is $35.69. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status. Therefore, Plaintiff's Complaint shall remain as provisionally filed. ECF No. 9.

However, the Court, as stated above, must also consider which sections of the Complaint are actionable. In this case, the Complaint, as a whole, fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has named as defendants individuals who are immune from suit or who are not state actors. Additionally, Plaintiff has made claims in the official capacity only, and has failed to allege any policy, custom, or practice for official capacity liability.

**A.     Defendant Timothy Sharum**

Defendant Sharum was acting as a public defender at all relevant times of Plaintiff's Complaint. As a public defender, Defendant Sharum is not considered a "state actor" for purposes of Section 1983 litigation. "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001), *cert. denied*, 535 U.S. 1017(2002). It is well settled that public defenders are not considered to be state actors for Section 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations"). Plaintiff's claims against Defendant Sharum are due to be dismissed.

**B.     Defendants Judge J. Michael Fitzhugh and Judge Stephen Tabor**

Defendants Judge Fitzhugh and Judge Tabor are state court judges who handled different aspects

of Plaintiff's state-court criminal case. Judges are entitled to absolute immunity from suit for all judicial actions except those taken in the complete absence of all jurisdiction. *Penn v. U.S.*, 335 F.3d 786, 789 (8th Cir. 2003). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Such judicial immunity "protects a judicial officer from civil suits seeking money damages . . . ." *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1986). Plaintiff's claims against Defendants Judge Fitzhugh and Judge Tabor are due to be dismissed.

### C.     Defendant Times Record Newspaper

The Times Record Newspaper is a private actor and not a "state actor" amenable to suit under § 1983. *See Mooney v. Jonesboro Sun*, 2007 WL 4532854 (E.D. Ark. 2007). Plaintiff's claims against Defendant Times Record Newspaper is due to be dismissed.

### D.     Defendant Detective Kris Deason

Plaintiff has named Detective Kris Deason of the Fort Smith Police Department as a Defendant in Deason's official capacity. ECF No. 2. The "real party in interest in an official-capacity suit is the governmental entity and not the named official." *Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004). Thus, an official-capacity suit is treated as a suit against the governmental entity, in this case the City of Fort Smith. *Id.*

In a 42 U.S.C. § 1983 suit against a municipality, the Court must determine two issues: (1) whether a plaintiff's harm was caused by a constitutional violation, and (2) if so whether the city is responsible for that violation. *Stauch v. City of Columbia Heights*, 212 F.3d 425, 429 (8th Cir. 2000). A city is responsible for a constitutional violation only when a municipal custom or policy causes the violation. *Id.* at 432.

Both Plaintiff's Complaint, and Supplement to the Complaint, ECF No. 14, are completely lacking in any allegation of a policy, custom, or practice of the City of Fort Smith. As Plaintiff does not allege that a custom or policy of the City of Fort Smith played a part in the alleged violation of his constitutional rights, he therefore fails to state a claim against Defendant Deason in his official capacity and Plaintiff's claims

against Defendant Deason are due to be dismissed.

### IV.  CONCLUSION

Accordingly, I **RECOMMEND** that Plaintiff's Motions to Proceed *in forma pauperis*, ECF Nos. 1, 12, be **DENIED** and Plaintiff's Complaint, ECF No. 2, be **DISMISSED** with prejudice as to all Defendants. I **FURTHER RECOMMEND** that all other pending motions likewise be terminated upon any adoption of this Report and Recommendation.

I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 11th day of October 2011.**

/s/   J. Marschewski
HON. JAMES R. MARSCHEWSKI
U.S. MAGISTRATE JUDGE